B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFFS** Sweetwater Cattle Company, L.L.C., and Farm Credit Service of America, PCA | **DEFENDANTS** Leigh Murphy, d/b/a Murphy Cattle Company |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) David W. Pederson, Pederson & Troshynski P.O. Box 1625, North Platte, NE 69103 (308) 532-9744 & Jim R. Titus, Morris & Titus 4645 Normal Blvd., Suite 272, Lincoln, NE 68506 (402) 434-5200 | **ATTORNEYS** (If Known) David Skalka Crocker, Huck, Kasher, DeWitt, Anderson & Gonderinger, L.L.C. 2120 South 72nd Street, Suite 1200 Omaha, NE 68124 (402) 391-6777 |
| **PARTY** (Check One Box Only) ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor   ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor   ☒ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Plaintiff seeks an Order determining the priority and extent of their lien on cattle in which debtor and third party claim an interest.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Charles D. Leonard and Margaret R. Leonard d/b/a Leonard Cattle Company | BANKRUPTCY CASE NO.<br>15-82016 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Nebraska | DIVISION OFFICE | NAME OF JUDGE<br>Thomas L. Saladino |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* | | |
| DATE<br>1/8/15 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>David Pederson, Attorney for Sweetwater Cattle Company, L.L.C.<br>and<br>Jim R. Titus, Attorney for Farm Credit Services of America, PCA | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| CHARLES D. LEONARD and ) | Case No. BK15-82016 |
| MARGARET R. LEONARD ) | (Chapter 11) |
| d/b/a LEONARD CATTLE COMPANY, ) | |
| Debtor and Debtor in Possession. ) | |

| | |
|---|---|
| SWEETWATER CATTLE COMPANY, ) | |
| L.L.C., and FARM CREDIT SERVICES ) | |
| OF AMERICA, PCA, ) | Adversary No. A15-_____ |
| ) | |
| Plaintiffs, ) | |
| ) | COMPLAINT TO DETERMINE |
| vs. ) | VALIDITY OF PRIORITY |
| ) | AND EXTENT OF LIEN |
| LEIGH MURPHY d/b/a MURPHY CATTLE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

COME NOW Sweetwater Cattle Company, L.L.C., and Farm Credit Services of America, PCA, hereinafter Plaintiffs, and for their claims against Leigh Murphy, d/b/a Murphy Cattle Company, state and allege:

1.  Plaintiff Sweetwater Cattle Company, L.L.C., is Nebraska Limited Liability Company with a principal place in Buffalo County, Nebraska, and is hereinafter referred to as "Sweetwater".

2.  Farm Credit Services of America, PCA, is a Federally chartered instrumentality of the United States, organized and existing under the laws of the Untied States, having a place of business in Omaha, Nebraska, and is hereinafter referred to as "Farm Credit."

3. Defendant Leigh Murphy hereinafter "Murphy" or "Defendant" is an individual residing in New Mexico and doing business in Colorado as Murphy Cattle Company, and has entered an appearance in the above-captioned Bankruptcy proceeding.

4. This Court has jurisdiction to hear and determine the adversary proceeding pursuant to 28 U.S.C. §§1334 and 157.

5. Venue is proper in this Court under 28 U.S.C. § 1409(a).

6. This adversary proceeding is a proceeding to determine the validity, priority, and extent of a lien under 28 U.S.C. § 502 and is a core proceeding pursuant to 28 U.S.C. § 157 (b) (2) (K).

7. On September 23, 2015, the Debtor, Charles Leonard, d/b/a Leonard Cattle Company, hereinafter "Leonard", transported 395 yearling cattle, hereinafter "cattle", owned by Leonard to Sweetwater, and placed those cattle in Sweetwater's possession to be cared, fed, marketed, and sold by Sweetwater, all under a financing agreement entered into between Sweetwater and Leonard.

8. Attached to this Complaint as Exhibit "A" are true and complete copies of Promissory Notes and Security Agreements entered into between Sweetwater as creditor, and Leonard as borrower, evidencing the financing of various loan transactions by Sweetwater.

9. Attached to this Complaint as Exhibit "B" are true and complete copies of the UCC-1 filings with the Nebraska Secretary of State whereby Sweetwater perfected its security interest in the cattle.

10. Farm Credit is a party to this action by virtue of the assignment of the documents in the attached Exhibits "A" and "B" from Sweetwater to Farm Credit, and by virtue of its own perfected security interest in the cattle.

Case 16-08002-TLS    Doc 1    Filed 01/06/16    Entered 01/06/16 10:06:51    Desc Main
                            Document      Page 5 of 8

11.    On or about September 23, 2015, Farm Credit at the request and on behalf of Sweetwater wired $598,402.16, to Leonard as an advance under the Promissory Notes described in the attached Exhibit "A" to finance these cattle.

12.    Sweetwater is now and has since September 23, 2015, been in possession of the cattle in Buffalo County, Nebraska.

13.    Possession of the 395 steers by Sweetwater for care, feeding, marketing, and sale is and was a condition precedent to Sweetwater and Farm Credit advancing financing funds to Leonard, and Sweetwater has a right to retain possession of the cattle until paid as part of the agreement between Leonard and Sweetwater.

14.    Sweetwater and Farm Credit perfected their security interests in these cattle both by UCC filing and through possession of the cattle.

15.    On or about November 2, 2015, Murphy commenced a Replevin action against Leonard and Sweetwater entitled *Murphy v. Leonard* as Case CI15-615 in the District Court of Buffalo County, Nebraska, in an attempt to reclaim 371 of the 395 cattle under various theories of State Law for reclamation.

16.    On the date the Replevin Action was filed, Sweetwater and Farm Credit had a perfected security interest in the 395 cattle by virtue of the financing described herein, the new value given, and Sweetwater's retention of possession of the cattle.

17.    On the date the Replevin Action was filed, Murphy had no perfected Security Interest in the 395 cattle.

18.    On December 14, 2015, Leonard and his wife filed this Chapter 11 Bankruptcy case and filed a Suggestion of Bankruptcy in the State Court Replevin Action.

19. On December 17, 2015, Murphy filed a Motion for Relief from the Automatic Stay in an attempt to continue to pursue reclamation of these cattle in the Replevin Action under State Law.

20. On or about December 22, 2015, Leonard filed a Complaint in this Bankruptcy case to avoid any interest of Murphy in these cattle as a preferential transfer.

21. Murphy surrendered possession of these cattle to Leonard on or about September 23, 2015, and Murphy did not reserve or attempt to reserve title to the cattle once he surrendered possession of the cattle to Leonard.

22. Murphy based his Replevin Action on a claim that some of the checks which Leonard gave to Murphy for the purchase of the cattle at issue were dishonored.

23. At all relevant times Sweetwater and Farm Credit acted in good faith, and had no knowledge of any transactions between Murphy and Leonard until late October of 2015, when Leonard contacted Sweetwater to inquire as to possession of these cattle.

24. Sweetwater and Farm Credit are entitled to an Order from this Court determining that the Plaintiffs have a first priority lien position in the cattle which is superior to any claim which may be asserted by Murphy.

25. Pursuant to the terms of the financing arrangement between Leonard and Sweetwater, the Plaintiffs are entitled to an Order determining that their liens on the cattle are superior to the claims of Murphy, that Plaintiffs are entitled to recover from the proceeds of the sale of the cattle all funds loaned to Leonard, with interest, together with the costs associated with the care, feeding, and marketing of the cattle, an amount which has yet to be determined as of the date of the filing of this Complaint.

WHEREFORE, Plaintiffs pray for an Order determining the validity, priority and extent of the liens of the parties, and for an Order determining the amount of indebtedness owed to Sweetwater, for an Order determining that Sweetwater is entitled to repayment of that indebtedness before any claim made by Murphy, and for such other and further relief as this Court should determine.

SWEETWATER CATTLE COMPANY, L.L.C., Defendant,

By:     /s/ David W. Pederson
David W. Pederson #16347

For:    PEDERSON & TROSHYNSKI
P.O. Box 1625
315 North Dewey, Suite 205
North Platte, NE 69103-1625
(308) 532-9744
Attorney for Plaintiff

FARM CREDIT SERVICES OF AMERICA, PCA, Intervenor,

By:     /s/ Jim R. Titus
Jim R. Titus #16064

For:    MORRIS & TITUS
4645 Normal Blvd., Suite 272
Lincoln, NE 68506
(402) 434-5200
Attorney for Intervenor

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on the __8th__ day of January, 2016, he electronically filed the foregoing pleading with the Clerk of the Bankruptcy Court using CM/ECF system which sent notification of such filing to the parties requesting said notice.

                                                                          /s/ David W. Pederson